| iDECUIR, Judge,
dissenting.
Plaintiff contends that he is entitled to SEB despite the fact that he is earning 90% of his pre-accident wages because his new position with his employer requires him to work more hours at a lower rate of pay. In my opinion, the number of hours worked and hourly rate are irrelevant when comparing pre-injury and post-injury wages. La.R.S. 23:1221(3) states:
(a) For injury resulting in the employee’s inability to earn wages equal to 90% or more of wages at the time of injury, supplemental earnings benefits equal to 66 and 2/3 of the difference between the average monthly wages at the time of injury and average monthly wages the employee earned or average monthly wages the employee is able to earn ...
(b) For purposes of Subparagraph (3)(a) of this Paragraph, the amount determined to be the wages the employee is able to earn in any month shall in no case be less than *765 the sums actually received by the employee, including, but not limited to, earnings from odd lot employment, sheltered employment, and employment while working in pain.
(Emphasis added.)
There is no dispute that plaintiff is in fact able to earn wages equal to 90% or more of his pre-injury wages. Furthermore, the purpose of SEB is to compensate the injured employee for the wage earning capacity he has lost as a result of his accident. Pinkins v. Cardinal Wholesale Supply, 619 So.2d 52 (La.1993). It is undisputed that ^plaintiff in this case has not lost wage earning capacity as he is earning 90% or more of his pre-accident wages. Had the legislature intended to make the number of hours worked and the rate of pay per hour relevant to a determination of SEB, it could have done so. It did not. The criteria set forth by the legislature is the claimant’s “inability to earn wages equal to 90% or more of wages at the time of injury.”
Interestingly although plaintiffs base salary is now $12.67 per hour (it was $14.71 per hour at the time of the accident), he now earns $19.00 per hour when he works on Saturdays and $25.34 per hour on Sundays. Additionally, even though plaintiff may be required to work more weekends as a watchman, when he does work on weekends, he is given time off during the week. Furthermore, he works on the average only 2 hours a week more as a watchman than he did as a mechanic.
Additionally, the majority asserts that Breaux v. Travelers Inc. Co., 526 So.2d 284 (La.App. 3 Cir.1988), stands for the proposition that “the notion of forcing an injured employee to work more hours at less pay in order to maintain wages commensurate with those earned pre-injury is not compatible with the purpose of the workers’ compensation act which is remedial in nature.” It does not.
For the above reasons, I respectfully dissent.